Annabelle Sholdar KLEIN, Appellant,

v.

Donald R. KLEIN, Independent Executor of the Estate of Joseph H. Klein, Deceased, Appellee.

No. 05–81–00588–CV.

Court of Appeals of Texas, Dallas.

Sept. 9, 1982.

Paul Hoffman, Berman, Fichtner & Mitchell, Dallas, for appellant.

Allen Landerman, Dallas, for appellee.

Before GUITTARD, C.J., and SPARLING and VANCE, JJ.

GUITTARD, Chief Justice.

The principal beneficiary named in a will appeals from an order of the probate court allowing the independent executor expenses from the estate for resisting the beneficiary's motion to remove him. We hold that the executor's claim for expenses is premature because the removal proceeding is still pending. Accordingly, we reverse and dismiss the executor's claim without prejudice.

The motion to remove the executor was filed by Annabelle Sholdar Klein, beneficiary under the will of Joseph Klein. She alleged that the independent executor, Donald R. Klein, had appropriated to his own use certain funds of the estate and was guilty of gross mismanagement in the per-

formance of his duties. Donald denied any wrongdoing and prayed for reasonable attorneys' fees and costs from the estate. He responded further that the motion was "vague and not specific." Later, Annabelle filed her "First Amended Pleading," stating that she was amending "all of the previous motions filed in this matter by her." In this amended pleading, Annabelle carries forward all the allegations of the original motion and prays for the same relief, but adds other, more detailed allegations, principally concerning Donald's diversion to his own use of certain renewal commissions paid and to be paid under a contract between the decedent and Massachusetts Casualty Company. She joins Massachusetts Casualty as a party and prays for judgment against Massachusetts Casualty for all payments still owing or made to others since the death of the decedent. She asks that all assets of the estate in Donald's hands be placed in a constructive trust for the benefit of herself or the estate. She also asks that the will be construed and that the inventory filed by Donald as executor be corrected.

For some administrative reason not fully explained in this record, the probate court treated the amended pleading as a separate proceeding and gave it a new docket number by adding an "A" to the number previously assigned to the probate proceeding. Also, apparently, the court treated the original motion to remove the executor as still pending in the original proceeding and set it for trial. Counsel for Annabelle, however, unwilling to try the issues concerning removal of the executor without trying also those concerning ownership of the renewal commissions and other matters in controversy, nonsuited her original motion and obtained an order of dismissal without prejudice. Donald responded by filing a motion for an allowance of expenses, including reasonable attorneys' fees, which he had incurred in defending the original motion to remove. Annabelle answered this motion, alleging that such an allowance would be premature because the issues on which the

executor was claiming relief were still pending in the other proceeding.

On these pleadings the parties went to trial on the issue of attorneys' fees. According to the testimony of the attorneys for the executor, a substantial portion of their time was spent in connection with Annabelle's claim that the renewal commissions payable by Massachusetts Casualty Company were the property of the estate and were diverted by Donald to his personal use. One of the attorneys testified that he made a trip to Boston and took the deposition of the general counsel of Massachusetts Casualty because "the basic thrust" of the motion to remove was that Donald was receiving insurance renewals which Annabelle claimed should have gone to the estate.

No special issue was submitted to the jury as to whether these expenses were necessary to defend the removal action. The only issues related to the amount of time spent by the attorneys, reasonable hourly charges for their services, and the amount of other expenses. After a verdict favorable to Donald, Annabelle moved for judgment notwithstanding the verdict on the ground that the executor was not entitled to recovery of expenses and attorneys' fees until final disposition of the motion to remove, which was still pending in the other proceeding. The court overruled this motion and rendered judgment on the verdict allowing the executor $11,460.40 out of the estate.

On this appeal Annabelle contends that the court erred in rendering judgment for the executor because the action to remove him is still pending in the probate court. The executor replies that the pendency of a "parallel motion" is immaterial. He argues that denying his present claim for expenses incurred in defending the original motion until final disposition of the "parallel" proceeding would authorize a party to file repeated motions and dismiss each in turn, thus defeating or delaying the executor's right to reimbursement for expenses incurred in good faith in defending an action

for his removal as allowed by section 149C of the Texas Probate Code.[1]

We agree with Annabelle's contention that the allowance of attorneys' fees and expenses is premature. The executor's contention might have merit if the other pending action were a separate parallel proceeding, but it is not. When Annabelle filed her "First Amended Pleading," she expressly stated that it was an amendment of the previous motion to remove, as well as other motions pending. As an amendment, it superseded the original motion and left nothing concerning removal of the executor pending in the original probate case which could properly be regarded as a separate proceeding. This result follows from rule 64 of the Texas Rules of Civil Procedure, which provides that a pleading may be amended "by filing a substitute therefor, entire and complete in itself." Annabelle's amended pleading complies with this rule. Rule 65 provides further that the pleading for which the amendment is substituted "shall no longer be regarded as a part of the pleading," with exceptions not material here. Consequently, when the amended pleading was assigned a new docket number and was regarded administratively as a new proceeding, no live pleading concerning removal of the executor remained in the original probate proceeding against which the executor was required to defend. *See Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980).

When the original motion was set for hearing, notwithstanding the amendment, counsel for Annabelle was required either to go to trial on the removal issue without disposing of the issues raised by her amended pleading or to nonsuit whatever claim the court considered as remaining in the original probate proceeding. Since the original motion could no longer be properly regarded as a live pleading under rule 65, the only effect of the dismissal was to obtain the court's recognition of that fact. A trial on the original motion without regard to the allegations in the amended pleading would have put her to trial on her original pleading without the benefit of her timely amendment.

Under these circumstances, although the dismissal appears in the record as a voluntary nonsuit, it cannot properly be regarded as a termination of the removal proceeding or as justifying an immediate award of expenses to the executor for defending against it.

A different question would be raised if the trial court had attempted to sever the removal issues from the other issues raised in the amended pleading and Annabelle were complaining here of such a severance. No such severance, however, appears in the record. All parties agree that the issues raised by the amended pleading, particularly those concerning the ownership of the renewal commissions, are inseparable from the issues raised in the original motion. Counsel for the executor recognized this inseparability in claiming attorneys' fees for taking depositions and preparing a defense against the "main thrust" of the action to remove, namely, the claim that the executor had diverted to his own use payments from Massachusetts Casualty Company that he should have received and administered as assets of the estate.[2]

1. Section 149C provides:

   An independent executor who defends an action for his removal in good faith, whether successful or not, shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in the removal proceeding.

2. Although the present record does not show the status of the other proceedings affecting the Klein estate, we take judicial notice of the proceedings shown in another appeal recently heard and decided in this court. *Klein v. Klein,* 638 S.W.2d 94 (Tex.App.1982), was an appeal

from a summary judgment denying Annabelle's motion to require the executor to correct his inventory by including the renewal commissions in the assets of the estate. We reversed that judgment on the ground that a fact issue was raised as to whether the designation of beneficiary, upon which Donald based his personal claim to the renewal commissions, was properly executed by the decedent Joseph Klein. If that opinion stands, ownership of the renewal commissions is an issue still to be decided. It appears that some of the depositions presented as summary-judgment proof in that proceeding are the same depositions for

Moreover, the executor's claim for expenses in defending the removal motion could not properly be determined without also determining the other issues raised by the amended pleading. The amount of expenses allowed to the executor could not properly be fixed without deciding whether the renewal commissions were assets of the estate. If they are found to be assets of the estate, an issue may be raised concerning the executor's good faith in defending, as required by article 149C of the Probate Code. The question of necessity and reasonableness of the expenses and their proper allocation as between the several issues would also be affected. Consequently, we hold that the trial court's award of attorneys' fees to the executor was premature. Because of this holding, we do not reach the other points raised on this appeal.

Accordingly, the judgment of the trial court is reversed and the claim of the independent executor, Donald Klein, for expenses in defending the motion to remove is dismissed without prejudice. Costs are taxed against Donald Klein individually.

which expenses were allowed in the present case.