James Laurence SHEERIN, Individually and as Independent Executor of the Estate of Irene Sheerin and as Trustee of the Estate of the James Laurence Sheerin Trust; Mary Katherine L. Kurtz; John M. Wallace; Lucy E. Crow; Robert V. Crow; and Montez Crow Merritt, Appellants,

v.

EXXON CORPORATION; Mobil Producing Texas and New Mexico, Inc.; Mobil Exploration & Producing U.S., Inc.; Samedan Oil Corporation; and John G. Kenedy, Jr. Charitable Trust, Frost National Bank of San Antonio, Texas, Trustee, Appellees.

No. 01–95–00318–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 9, 1995.

Stanley J. Krist, Daniel F. Castaneda, Houston, Dan C. Perry, San Antonio, for Appellant.

J. Scott Carothers, Thomas A. Janiszewski, James D. Thompson, 3rd., Harold A. Odom, 3rd., Houston, for Appellees.

Before MIRABAL, HEDGES and HUTSON–DUNN, JJ.

## OPINION ON MOTION FOR REHEARING

HUTSON–DUNN, Justice.

We grant the appellants' motion for rehearing, withdraw our opinion and judgment of August 31, 1995, and substitute the following opinion in its place.

The issue in this appeal is whether the transcript has been timely filed. We conclude that it has been.

The appeal arises out of an oil and gas lease dispute in which the appellants[1] brought claims for (1) breach of various covenants in the lease, (2) breach of the duty of good faith and fair dealing, and (3) unlawful divestment of their overriding royalty inter-

---

1. The appellants/plaintiffs are James Laurence Sheerin, individually and as independent executor of the estate of Irene Sheerin and as trustee of the estate of the James Laurence Sheerin trust; Mary Katherine L. Kurtz; John M. Wallace; Lucy E. Crow; Robert V. Crow; and Montez Crow Merritt.

est in the lease. Two of the appellants, Robert V. Crow and Montez Crow Merritt, filed a plea in intervention on February 3, 1994, to enter the case as intervenors. On August 1, 1994, a fifth amended original petition was filed that added Robert V. Crow and Montez Crow Merritt as plaintiffs; this petition did not mention the plea in intervention. The appellees[2] filed motions for summary judgment, and the district court signed a summary judgment on November 4, 1994.[3] On November 29, 1994, appellants filed both a certificate of cash deposit to perfect their appeal and a written designation specifying matters to be included in the transcript. *See* Tex.R.App.P. 41(a)(1) (time to perfect appeal), 51(b) (written designation of transcript).

Appellants informed this Court that a Harris County deputy district clerk called on January 12, 1995 and told them she could not prepare the transcript because the district clerk's computer indicated the judgment was interlocutory. Relying on this telephone call, appellants filed a motion to modify the alleged interlocutory summary judgment on January 13, 1995. The ground for the motion to modify was to dismiss the claims stated in Robert V. Crow and Montez Crow Merritt's plea in intervention.

The motion to modify states that the February 3, 1994 claims are duplicative of claims asserted by Robert V. Crow and Montez Crow Merritt in the fifth amended original petition filed August 1, 1994. The motion to modify requested the district court (1) to dismiss the February 3, 1994 plea in intervention and (2) to sign a new final summary judgment dated after the dismissal of the plea in intervention. The district court signed an order dismissing the plea in intervention on January 23, 1995. The district court did not sign a new final summary judgment, but did state that the plea in intervention was dismissed "in order to make the Summary Judgment on file herein final as to all claims and parties."

■ Appellants timely perfected their appeal on November 29, 1994, regardless of whether the judgment was final on November 4, 1994 or January 23, 1995. Tex. R.App.P. 41(c), 58 (premature appeals). The date of the final judgment, however, determines whether the transcript was timely filed when it was received by the Clerk of this Court on March 23, 1995. No timely motion for new trial or to modify the judgment was filed,[4] so the transcript was due to be filed 60 days after the final judgment was signed, *i.e.,* either January 3 or March 24, 1995.[5] Tex.R.App.P. 54(a). If the judgment was final on January 23, 1995, the transcript has been timely filed. If, however, the judgment became final on November 4, 1994, the transcript was filed 79 days late, and this Court is prohibited from granting a motion for extension of time to allow the transcript to be filed. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982); *see* Tex.R.App.P. 54(c) (governing motions for extensions of time to file the record). The Clerk of this Court duly notified the parties that the transcript would not be filed until a

---

**2.** The appellees/defendants are Exxon Corporation; Mobil Producing Texas and New Mexico, Inc.; Mobil Exploration & Producing U.S., Inc.; Samedan Oil Corporation; and John G. Kenedy, Jr. charitable trust, Frost National Bank of San Antonio, Texas, trustee.

**3.** The November 4, 1994 summary judgment made no reference to the plea in intervention. However, the summary judgment stated as follows: "It appearing to the Court that the ruling set forth herein disposes of all parties and all issues in this action, this is a Final Judgment. All other relief not expressly granted herein is hereby denied." The summary judgment order did not name the appellants in the body of the order, but instead the order granted the 9 motions for summary judgment filed by the 5 appellees. Our review of the 9 motions for summary

judgment reveals that the 5 appellees moved for summary judgment against all 6 appellants as plaintiffs. The motions for summary judgment did not mention the plea in intervention.

**4.** If the November 4, 1994, summary judgment is the final judgment, then the January 13, 1995 motion to modify was untimely and the district court had no jurisdiction to grant it. Tex.R.Civ.P. 329b.

**5.** Assuming that the transcript was due on January 3, 1995, the transcript was already late when the district clerk contacted appellants on January 12, 1995. Appellants could have filed on or before January 18, 1995 a motion for extension of time to file the transcript, but did not do so. Tex.R.App.P. 54(c).

proper showing was made to the Court. TEX.R.APP.P. 56(a).

■ The first issue we must decide is whether the plea in intervention was still a live pleading at the time of the November 4, 1994 summary judgment. Texas civil procedure does not require an intervenor to file a motion for leave to intervene, but rather places the burden on any party who is opposed to the intervention to move to strike the intervention. TEX.R.CIV.P. 60. No one opposed the plea in intervention that was filed on February 3, 1994. The question then is whether the plaintiffs' fifth amended original petition filed on August 1, 1994, which included Robert V. Crow and Montez Crow Merritt as plaintiffs but not as intervenors, superseded the previously filed plea in intervention.

■ The general rule is that an amended pleading takes the place of the original pleading and that the original pleading is superseded and is no longer a part of the live pleadings.[6] TEX.R.CIV.P. 65; *Ludwig v. Enserch Corp.*, 845 S.W.2d 338, 339 (Tex.App.— Houston [1st Dist.] 1992, no writ); 2 TEXAS CIVIL PRACTICE § 7:3, at 125, § 10:14, at 504 (Diane M. Allen at al. eds., 1992 ed.). Texas Rule of Civil Procedure 64, however, requires the party amending the previous pleading to point out which instrument is being amended. This is normally done in the caption of the pleading, *e.g.*, "amended original petition." In this case, neither the caption of the plaintiffs' fifth amended original petition nor the body of that pleading indicated any express intent to supersede the plea in intervention. *See Klein v. Klein*, 641 S.W.2d 387, 389 (Tex.App.—Dallas 1982, no writ). Rule 64 requires a party to abandon a pleading by an express act rather than by implication, so we hold that the plea in intervention was still a live pleading at the time of the November 4, 1994 summary judgment.

■ We must next decide whether the November 4, 1994 summary judgment disposed of the plea in intervention, thus making that summary judgment a final judg-

ment. In *Mafrige v. Ross*, the supreme court considered whether an appellate court had jurisdiction to consider the merits of an appeal from an "interlocutory" summary judgment that, on its face, appeared to be "final" because it expressly stated it disposed of all parties and issues. *Mafrige*, 866 S.W.2d 590 (Tex.1993). The supreme court held:

> Because the language in the summary judgment orders in this case *clearly evidences the trial court's intent* to dispose of all claims, the court of appeals erred in dismissing the appeal for want of jurisdiction. The propriety of the trial court's granting of the summary judgments on the merits is a matter to be resolved by the courts of appeals.

*Id.* at 592 (emphasis added).

*Mafrige* is distinguishable from the present case in that here the record "clearly evidences the trial court's intent" that the November 4, 1994 summary judgment was "interlocutory." This "clear intent" is shown by the trial court's subsequent signing of the January 23, 1995 order dismissing the plea in intervention that specifically states the intervention was being dismissed "in order to make the Summary Judgment on file herein final as to all claims and parties."

Due to the pendency of the intervention action that had not been expressly disposed of, the trial court concluded that the summary judgment was indeed interlocutory, and thus the trial court dismissed the intervention to make the summary judgment final and appealable. Following the instructions of *Mafrige*, we should be guided by the trial court's obvious intent.

Because the November 4, 1994 summary judgment was interlocutory, as the trial court concluded, jurisdiction remained in the trial court to enter the January 23, 1995 order dismissing the plea in intervention. The January 23, 1995 order made the prior summary judgment final and appealable. Therefore, the appellate timetables run from Janu-

---

6. We realize that the same attorney represented the parties to both the plea in intervention and the fifth amended original petition and that the relief sought in the plea in intervention is mirrored in the fifth amended original petition.

ary 23, 1995, and the transcript was timely filed in this court.

Accordingly, we order the Clerk of this Court to file the transcript as of the date it was received. TEX.R.APP.P. 56(a).

HEDGES, Justice, dissenting.

The majority concludes that the addition of a "Mother Hubbard" clause to an order granting summary judgment does not transform an otherwise partial summary judgment into a final summary judgment. Because this holding is in conflict with the supreme court's opinion in *Mafrige v. Ross*, I respectfully dissent. *Mafrige*, 866 S.W.2d 590 (Tex. 1993).

I would hold that the November 4, 1994 summary judgment is a final judgment because of the inclusion of the Mother Hubbard clause. *See id.* at 592. In *Mafrige*, the supreme court concluded that the inclusion of "Mother Hubbard" language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appeal purposes.[1] *Id.* at 590. The court also stated that "[i]f a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties; the judgment should be treated as final for purposes of appeal." *Id.* at 592. In the present case, the district court unquestionably considered the November 4, 1994 to be final: "It appearing to the Court that the ruling set forth herein disposes of all parties and all issues in this action, this is a Final Judg-

ment. All other relief not expressly granted herein is hereby denied."

The majority argues that *Mafrige* allows the district court to change its "clear intent" to render a final judgment *after* the date of the judgment's rendition. The district court in this case *clearly* intended the November 4, 1994 to be final ("It appearing to the Court that the ruling set forth herein disposes of all parties and all issues in this action, this is a Final Judgment."), but the majority recharacterizes the November 4 final judgment as an interlocutory judgment based on the district court's January 23, 1995 change of heart. The district court, of course, had full power to render a corrected or modified judgment *if* any such judgment was rendered before the district court's plenary jurisdiction over the November 4 final judgment lapsed, *i.e.*, on or before December 5, 1994. TEX. R.CIV.P. 329b, 4.

In essence, the majority would either allow a trial court to correct or modify a final summary judgment outside the court's plenary jurisdiction over the judgment, or allow interpretation of an unambiguous judgment by extrinsic evidence. I cannot agree with either of these approaches because they call the judgment's finality into question for a potentially indefinite period of time. If a party believes that a judgment rendered against it is erroneous, then the law requires the party to bring a timely attack on that judgment.[2] Although our justice system certainly strives to render errorless judgments, public policy demands that all judgments,

---

1. The general rule is, of course, that a civil appeal may only be prosecuted from a final judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (1966). The exception to this rule is that the legislature may make interlocutory orders appealable by statute (and presumably by court rule). *Continental Mach. Tool Co. v. Merritt*, 620 S.W.2d 632, 634 (Tex.Civ.App.—Dallas 1981, writ dism'd); *see* Act of May 8, 1995, 74th Leg., R.S., ch. 138, sec. 1, § 15.003(c), 1995 Tex.Sess.Law Serv. 978, 979 (Vernon) (to be codified at TEX.CIV.PRAC. & REM.CODE ANN. § 15.003(c)) (order allowing or denying intervention or joinder when venue is affected); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1995) (general list of appealable interlocutory orders); Act of May 26, 1995, 74th Leg., R.S., ch. 588, sec. 1, § 171.017, 1995 Tex. Sess.Law Serv. 3402, 3408 (Vernon) (to be codi-

fied at TEX CIV.PRAC. & REM.CODE ANN. § 171.017) (certain orders related to arbitration); TEX.FAM. CODE ANN §§ 3.58(g) (Vernon 1993) (order appointing a receiver in a divorce), 11.19 (Vernon 1986) (certain orders related to the parent-child relationship) & 56.01(c) (Vernon Supp.1995) (certain orders related to juveniles); TEX.HEALTH & SAFETY CODE ANN. §§ 81.191 (order for management of person with communicable disease), 574.070(e) (order for mental health services) (Vernon 1992); TEX.PROB.CODE ANN. § 5(f) (Vernon 1992) (final probate orders); TEX.R.CIV.P. 76a(8) (order sealing a court's file).

2. Texas law already allows four direct attacks on a final judgment: (1) motion for new trial or motion to modify or correct the judgment; (2) appeal; (3) writ of error; and (4) bill of review.

including erroneous ones, become final at some definite point in time.

I am willing to entertain the argument that the trial court clerk's refusal to prepare a timely designated transcript is a unique situation that relieves the party of the duty to request a motion for extension of time to file the record. *See generally* TEX.R.APP.P. 54(c).[3] I am not willing, however, to tinker with the general rules regarding finality of judgments. The majority's solution to the difficult procedural problem this appeal presents will cause far, far more problems than it will cure.

I would either (1) overrule the motion for rehearing and thus dismiss the appeal because the transcript was not timely filed or (2) grant the motion for rehearing and hold that the failure to file the transcript timely was not the appellants' responsibility. Accordingly, I respectfully dissent.

---

**3.** The proposed amendments to the Texas Rules of Appellate Procedure would eliminate this situation entirely by making it the joint responsibility of the trial court and appellate clerks to prepare and deliver the transcript to the court of appeals.