**In the Interest of S.C.S., a Child.**

**No. 11–05–00187–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 3, 2006.

---

Claudia S. Donaldson, Law Office of Claudia S. Donaldson, PLLC, Midland, James R. Caton, Seminole, for appellant.

John R. Saringer, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Eastland, Margaret R. Ingle, Lubbock, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

In this suit to modify the parent-child relationship, Rita Christine Smith appeals from the trial court's order reducing the child support obligations of Ricky Lynn Smith. We affirm.

### Background Facts

Rita and Ricky were divorced on April 30, 2003, in Cause No. CV 26321 in Erath County, Texas. In the final decree of divorce, the court appointed Rita and Ricky joint managing conservators of their four-year-old daughter, S.C.S. The court ordered Ricky to pay Rita child support of $640 per month.

Following the divorce, a number of disputes and controversies arose between Rita and Ricky. Rita and Ricky filed numerous motions and counter-motions against each other in Cause No. CV 26321. Rita moved from Erath County, Texas, to Gaines County, Texas. On September 11, 2003, Rita filed an application for a family violence protective order in Gaines County based on allegations that Ricky had committed acts of violence against her. After a hearing, the court entered a family violence protective order against Ricky. This court affirmed the order on March 17, 2005. *Smith v. Smith*, No. 11–04–00023–CV, 2005 WL 608190 (Tex.App.-Eastland March 17, 2005, no pet.).

On March 1, 2004, after obtaining the family violence protective order in Gaines County, Rita filed a "Petition to Modify Parent–Child Relationship" in Cause No.

CV 26321 in Erath County. Rita requested that the court deny Ricky access to S.C.S. based on Ricky's history of family violence. On March 29, 2004, Ricky filed two pleadings in Cause No. CV 26321:(1) "Respondent's Original Answer and Counterclaim for Frivolous Suit;" and (2) "Petition to Modify Parent–Child Relationship." In the original answer and counterclaim, Ricky alleged that Rita's petition to modify was frivolous and that Rita had filed it for the purpose of harassing him. In his petition to modify, Ricky sought a modification of possession of and access to S.C.S. and a reduction of his child support.

On April 13, 2004, the court in Erath County transferred Cause No. CV 26321 to Gaines County. On June 28, 2004, Rita filed her "Amended Petition to Modify Parent–Child Relationship." In response, on July 21, 2004, Ricky filed "Respondent's First Amended Answer to Petitioner's First Amended Petition to Modify Parent–Child Relationship and Counterclaim for Frivolous Suit."

On August 26, 2004, the trial court held a hearing on pending matters. At the hearing, Rita contended that Ricky's first amended answer and counterclaim (filed on July 21, 2004) superceded his petition to modify (filed on March 29, 2004). Because the first amended answer and counterclaim did not include a claim for reduced child support, Rita argued that the claim for reduced child support had been dismissed. The trial court disagreed with Rita and considered the child support issue at the hearing.

Ricky was the only witness who testified at the hearing. He testified that his income had been substantially reduced since the date of his divorce from Rita. The trial court determined that Ricky's travel expenses associated with exercising his periods of possession of S.C.S. had increased because of Rita's move to Gaines County.

On February 16, 2005, the trial court entered its order in the suit to modify parent-child relationship. Because of the increased expenses associated with periods of possession by Ricky, the trial court reduced Ricky's child support obligation from $640 a month to $550 a month. Rita appeals from this order.

### Issues on Appeal

Rita presents three issues for review. In her first issue, Rita contends that the trial court erred in determining the child support issue because the child support issue was not before the trial court at the time of the hearing. In her second issue, Rita asserts that the trial court erred in reducing Ricky's child support because Ricky testified that he was voluntarily underemployed. In her third issue, Rita contends that the trial court erred in reducing Ricky's child support due to increased travel costs when Rita moved to escape Ricky's adjudged family violence.

### Trial Court's Determination of Child Support Issue

Rita filed her petition to modify parent-child relationship before Ricky filed his petition to modify parent-child relationship. Ricky included his claim for reduced child support in his petition to modify. Rita argues that, under Tex.R. Civ. P. 97(a), Ricky's claim for reduced child support constituted a compulsory counterclaim to her petition to modify and that, therefore, Ricky mistakenly designated his pleading including the child support claim as a "petition." Rita asserts that, because Ricky's claim for reduced child support actually constituted a counterclaim, Ricky's later-filed first amended answer and counterclaim superceded Ricky's "petition." Because Ricky did not include a claim for reduced child support in his first amended answer and counterclaim, Rita

argues that Ricky's first amended answer and counterclaim resulted in the dismissal of Ricky's claim for reduced child support. *See* TEX.R. CIV. P. 64, 65. Therefore, Rita contends that the child support issue was not before the trial court and that the trial court erred in considering the issue.

The outcome of Rita's first issue is the same whether or not Ricky's claim for reduced child support constituted a counterclaim. The general rule is that an amended pleading takes the place of the original pleading and that the original pleading is superceded and is no longer a part of the live pleadings. Rule 65; *Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex.App.-Houston [1st Dist.] 1995, no writ). Pursuant to this rule, a party may voluntarily dismiss claims and parties by omitting them from the substituted pleading. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972). Rule 64 requires the party amending the previous pleading to point out which instrument is being amended. *Sheerin*, 923 S.W.2d at 55. Rule 64 also requires a party to abandon a pleading by an express act rather than by implication. *Sheerin*, 923 S.W.2d at 55.

Ricky filed "Respondent's First Amended Answer to Petitioner's First Amended Petition to Modify Parent–Child Relationship and Counterclaim for Frivolous Suit." Thus, Ricky's first amended answer and counterclaim expressly referred to Rita's first amended petition to modify. Ricky did not refer to his petition to modify in his first amended answer and counterclaim. It is apparent that the first amended answer and counterclaim was intended as a substitute only for Ricky's original answer and counterclaim and that it did not alter or supersede Ricky's petition to modify. *See Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 252–53 (Tex.App.-Tyler 2004, no pet.); *Sheerin*, 923 S.W.2d at 55. Ricky's petition to mod-

ify remained as a live pleading at the time of the August 26, 2004, modification hearing in the trial court.

Rita also argues that, because the trial court construed Ricky's claim for reduced child support to be a "petition" to modify child support instead of a counterclaim, she was entitled to receive notice of petition by service of citation. *See* TEX. FAM.CODE ANN. § 156.003 (Vernon 2002). Although Rita asserts that she was not properly served, the record indicates a "return of service of citation to Rita Christine Smith." Additionally, the record demonstrates that Rita had actual notice of Ricky's petition to modify and did not raise a lack of service issue in the trial court. Rita waived the lack of service issue by appearing at the modification hearing and failing to raise the service issue in the trial court. *See Serna v. Webster*, 908 S.W.2d 487, 489 n. 1 (Tex.App.-San Antonio 1995, no writ) (party waived service by making general appearance before court); *Houston Crushed Concrete, Inc. v. Concrete Recycling Corp.*, 879 S.W.2d 258, 260–61 (Tex. App.-Houston [14th Dist.] 1994, no writ) (party waived service by appearing at hearing).

Rita also argues that the trial court erred in admitting evidence of Ricky's reduced income because Ricky's allegations in his petition were insufficient to provide her with "fair notice" of a reduced income issue. TEX.R. CIV. P. 45(b) provides that pleadings shall "consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense." TEX.R. CIV. P. 47(a) provides that a pleading setting forth a claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." A petition provides sufficient notice if it gives the defendant fair notice of the facts relied upon, enabling the defendant to pre-

pare a defense. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000); *see also Coffey v. Johnson,* 142 S.W.3d 414, 417 (Tex.App.-Eastland 2004, no pet.) (the test for fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant). When no special exceptions are filed, as in this case, courts construe the pleadings liberally in favor of the pleader. *Horizon,* 34 S.W.3d at 897; *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex.1993).

Ricky alleged in his petition to modify that the circumstances of S.C.S. or a person affected by the order (final decree of divorce) had materially and substantially changed since the rendition of the order; that the support payments previously ordered should be decreased; that the support payments previously ordered were not in substantial compliance with the guidelines set forth in Chapter 154 of the Texas Family Code; and that decreasing the child support would be in the best interest of S.C.S. *See* TEX. FAM.CODE ANN. ch. 154 (Vernon 2002 & Supp.2005). He further alleged that Rita's change of residence had caused him to incur increased costs in exercising possession of and access to S.C.S. He requested the trial court to allocate the increased costs "in a manner deemed by the Court to be fair and equitable."

▮ Ricky's petition to modify provided Rita fair notice of a reduced income claim. Ricky pleaded that the child support payments ordered in the final decree of divorce were no longer in substantial compliance with the guidelines set forth in Chapter 154. The income of a child support obligor is an important factor in applying the child support guidelines set forth in the Texas Family Code. Section 154.062. Construing the petition to modi-

fy liberally in favor of Ricky, the allegations were sufficient to put Rita on notice of issues relating to the application of the child support guidelines in Chapter 154, including a reduced income claim. The trial court did not err in admitting evidence of Ricky's reduced income.

However, even if the admission of the evidence of Ricky's reduced income had constituted error, the record does not demonstrate that Rita was harmed by the evidence. The trial court did not reduce Ricky's child support based on reduced income. Rather, the trial court reduced Ricky's child support based on additional expenses associated with Ricky's periods of possession of S.C.S. due to Rita's move to Gaines County. Rita's first issue is overruled.

*Trial Court's Reduction of Child Support*

The trial court reduced Ricky's monthly child support from $640 to $550. In her second issue, Rita argues that the trial court erred in reducing Ricky's child support because Ricky testified that he was voluntarily underemployed. In her third issue, Rita asserts that the trial court erred in reducing Ricky's child support based on increased travel costs because she moved to Gaines County to escape Ricky's family violence.

▮ In determining questions of child support, the trial court's primary consideration must always be the best interest of the child. *Clark v. Jamison,* 874 S.W.2d 312, 316 (Tex.App.-Houston [14th Dist.] 1994, no writ). The trial court is accorded broad discretion in setting and modifying child support payments; and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *In re P.J.H.,* 25 S.W.3d 402, 405 (Tex.App.-Fort Worth 2000, no pet.); *DuBois v. DuBois,* 956 S.W.2d 607, 610 (Tex. App.-Tyler 1997, no pet.). A trial court

abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Under an abuse of discretion standard, legal and factual insufficiency issues are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *In re E.A.C.*, 162 S.W.3d 438, 441 (Tex.App.-Dallas 2005, no pet.). If there is some evidence of a substantive and probative character to support the decision of the trial court, no abuse of discretion occurs. *Id.; In re P.J.H.*, 25 S.W.3d at 405.

In this case, Rita did not file a timely request for findings of fact and conclusions of law, and no findings of fact or conclusions of law were filed. It is, therefore, implied that the trial court made all the findings necessary to support its order or judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). When a reporter's record is filed, as in this case, the factual or legal sufficiency of any implied findings may be challenged. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989).

Section 156.401 of the Texas Family Code allows a court to modify an order that provides for the support of a child if "the circumstances of the child or a person affected by the order have materially and substantially changed since the ... date of the order's rendition." Tex. Fam.Code Ann. § 156.401(a)(1)(A) (Vernon Supp.2005). In determining whether a modification of support is necessary, the trial court is to examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. *London v. London*, 94 S.W.3d 139, 144 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

Rita and Ricky both lived in Stephenville, Erath County, Texas, at the time of the initial divorce decree. Rita moved to Seminole, Gaines County, Texas, and lived there at the time Ricky sought modification. Ricky testified that Seminole was 286 miles from Stephenville. Pursuant to the agreement of the parties, the trial court ordered that Ricky would have possession of S.C.S. for one weekend a month during the school year and that the exchange of S.C.S. would take place during the school year in Sweetwater, Texas. Ricky's periods of possession would begin on Friday at 7:00 p.m. and end on Sunday at 7:00 p.m. Thus, to exercise possession, Ricky would be making round trips from Stephenville to Sweetwater on Friday nights and on Sunday nights. The trial court found that Ricky's child support should be reduced from $640 to $550 "due to the additional expenses associated with periods of possession exercised by Ricky."

Section 154.123 of the Texas Family Code sets forth factors for courts to consider when applying child support guidelines. One of the factors that courts shall consider is "the cost of travel in order to exercise possession of and access to a child." Section 154.123(b)(14). Thus, the trial court properly considered Ricky's increased travel costs—two round trips from Stephenville to Sweetwater each month during the school year—associated with exercising possession of and access to S.C.S. Rita asserts that the trial court erred in reducing Ricky's child support based on increased travel costs because she moved to Seminole to get away from Ricky's violence. However, nothing in Section 154.123 prohibits a trial court from considering increased costs in such cases. Viewing the evidence in its entirety, the trial court did not abuse its discretion in reducing Ricky's monthly child support ob-

ligation from $640 to $550. We overrule Rita's third issue.

In her second issue, Rita argues that the trial court erred in reducing Ricky's child support because Ricky testified that he was voluntarily underemployed. Section 154.066 of the Texas Family Code allows the trial court to apply the child support guidelines to the earning potential of an obligor, rather than the obligor's actual income, if the obligor is intentionally underemployed. For a trial court to find that a parent is intentionally underemployed or unemployed under Section 154.066, there must be evidence the parent reduced his income for the purpose of decreasing his child support payments. *In re P.J.H.*, 25 S.W.3d at 405; *DuBois*, 956 S.W.2d at 610.

At the modification hearing, Ricky testified that his gross income had decreased by about $18,000 a year since the date of the divorce decree. He attributed his loss of income to "all the legal issues [he'd] had to deal with, all the interviews at all the lawyers' offices." While Ricky requested the trial court to decrease his child support based on reduced income, the trial court did not reduce the child support on this basis. Rather, the trial court decreased the child support based on increased travel costs associated with Ricky's possession of S.C.S. Therefore, the issue of whether or not Ricky was voluntarily underemployed had no relevance on the trial court's reduction of Ricky's child support. We overrule Rita's second issue.

### This Court's Ruling

We affirm the trial court's order in the suit to modify parent-child relationship.