# Court of Appeals
## Tenth Appellate District of Texas

10-25-00066-CV

In the Matter of the Marriage of
Chukwuemeka Carl Runyon and Bianca Bazile Runyon
and In the Interest of C.R., a Child

On appeal from the
85th District Court of Brazos County, Texas
Judge Wendy Wood Hencerling, presiding
Trial Court Cause No. 23-002149-CVD-85

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant Chukwuemeka Carl Runyon appeals from the trial court's Final Decree of Divorce, challenging in three issues the division of the community estate, the order regarding the child's residence, and the child support award. We affirm.

### BACKGROUND

Appellant and Appellee, Bianca Bazile Runyon, were married in 2021. The parties have one child, C.A.R., who was born just over a month before Appellant filed his August 7, 2023 petition for divorce. After a bench trial, the

court signed the Final Decree of Divorce on February 25, 2025. The trial court granted the parties a divorce, divided the community property, and appointed Appellant and Appellee joint managing conservators of C.A.R., with Appellee having the right to determine the child's primary residence. The decree includes orders for possession and access, specifying a residency restriction to Brazos County or within 50 miles of Orlando, Florida, and an order for Appellant to pay child support in the amount of $1,840 per month. Appellant timely filed this appeal.

## STANDARD OF REVIEW

Most of the appealable issues in a family law case, including the issues in this case, are evaluated against an abuse of discretion standard. *See Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (trial court's division of property is reviewed for abuse of discretion); *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (held that a trial court has discretion to set child support within the parameters provided by the Texas Family Code); *Patterson v. Brist*, 236 S.W.3d 238, 242 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (applying abuse of discretion standard in reviewing trial court's determination that father should have right to designate child's primary residence).

A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding principles. *Downer v. Aquamarine*

*Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In determining whether the trial court abused its discretion, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient evidence upon which to exercise its discretion, and (2) whether the trial court erred in its application of that discretion. *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). When we review a family law case under the abuse of discretion standard, legal and factual challenges to the sufficiency of the evidence do not constitute independent grounds of error but are relevant factors in determining whether the trial court abused its discretion. *Matter of Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022) (per curiam).

The trial court occupies a superior position to "observe the demeanor and personalities of the witnesses." *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). Therefore, an appellate court must afford great deference to the factfinder on issues of credibility and demeanor because the child's and parents' behavior, experiences, and circumstances are conveyed through words, emotions, and facial expressions that are not reflected in the record. *See Chavez v. Chavez*, 148 S.W.3d 449, 458 (Tex. App.—El Paso 2004, no pet).

## DIVISION OF PROPERTY

In his first issue, Appellant asserts that the trial court abused its discretion in awarding Appellee a disproportionate share of the community estate. He contends that the award of $47,990, secured by a certificate of deposit in the same amount, and payable in monthly installments of $1,000, should not stand because Appellee did not plead for the equitable judgment or the lien to secure it. We disagree.

Appellee's pleadings alleged that she possesses a legal or equitable community interest in the properties at issue. This allegation, considered in conjunction with Appellee's prayer requesting a division of the parties' community property and all other relief to which she may be justly entitled, provides sufficient pleading support for the judgment. *See Poulter v. Poulter*, 565 S.W.2d 107, 110 (Tex. Civ. App.—Tyler 1978, no writ). In divorce proceedings, the trial court possesses authority to construe the parties' pleadings concerning property division more liberally than in other civil cases. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.). Construed in this manner, Appellee's pleadings adequately support the judgment.

Appellant also argues within his first issue that there is no reasonable basis supporting the trial court's equitable judgment, that is, the award of

$47,990 to Appellee.  He contends the record does not justify awarding Appellee a disproportionate share of the community estate.

A trial court must affect a just and right division of the community estate.  TEX. FAM. CODE ANN. § 7.001.  Although the division must be equitable, the trial court is not required to divide community property equally.  *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.).  The trial court possesses wide discretion in dividing the property, but there must be some reasonable basis for an unequal division.  *Id.*  In exercising this discretion, the trial court may consider numerous factors, including the parties' respective earning capacities, abilities, education, business opportunities, physical condition, financial condition and obligations, age, size of separate estates, nature of the property, and the benefits that the spouse who did not cause the dissolution of the marriage would have enjoyed had the marriage continued.  *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

"A determination of whether the property division decreed in a divorce constitutes an abuse of discretion presents a legal rather than a factual question for appellate review."  *Mann v. Mann*, 607 S.W.2d 243, 244 (Tex. 1980).  We presume on appeal that the trial court properly exercised its discretion in dividing marital property, and the Appellant bears the burden of demonstrating from the record that the division was so disproportionate as to

be manifestly unjust and unfair and thus constitute an abuse of discretion. *Willis v. Willis*, 533 S.W.3d 547, 551 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied).

In evaluating this complaint, we review the record by applying the *Murff* factors to the facts specific to this case. *See Murff*, 615 S.W.2d at 699. The record establishes that Appellant, an anesthesiologist, possesses significantly greater income and earning capacity than Appellee, a nurse. During the marriage, Appellant's adjusted gross income was $506,155.00 in 2023 and $436,683.00 in 2022. By contrast, Appellee earned less than $50,000.00 in 2023. These facts demonstrate a substantial disparity between the parties in income, earning capacity, business opportunities, and education—factors that amply support the trial court's disproportionate division of the community estate. Appellant did not meet his burden to establish an abuse of discretion. *Willis*, 533 S.W.3d at 551. Accordingly, we overrule Appellant's first issue.

### GEOGRAPHIC RESTRICTION

In his second issue, Appellant contends the trial court erred in permitting Appellee to relocate with the parties' child to Orlando, Florida. He argues that allowing the child to move to Florida will have a detrimental effect on his ability to have frequent and continuing contact with the child and will

diminish his ability to be a consistently present figure and share in the rights and duties of raising the child.

The Legislature has declared that "the best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. A trial court's determination of what serves the child's best interest, including the establishment of terms and conditions of conservatorship, is a discretionary function. *MacCallum v. MacCallum*, 801 S.W.2d 579, 582 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).

Once the trial court appoints joint managing conservators and designates the parent who has the exclusive right to determine the primary residence of the child, it then has the discretion to either establish a geographic area where the child may reside or specify that there are no geographic restrictions. *See* TEX. FAM. CODE ANN. § 153.134(b)(1). The Texas Family Code does not enumerate specific factors for the trial court to consider when determining whether a geographic restriction serves the child's best interest. However, in *Lenz*, the Texas Supreme Court identified the following factors in applying the best-interest standard in the relocation context: (1) the reasons for and against the move; (2) the effect on extended family relationships; (3) the effect on visitation and communication with the noncustodial parent, and

that parent's ability to maintain full and continuous relationships with the child; (4) the possibility of a visitation schedule allowing the continuation of meaningful relationships between the noncustodial parent and the child; (5) the nature of the child's existing contacts with both parents, and (6) the child's age, community ties, health, and educational needs. *Lenz v. Lenz*, 79 S.W.3d 10, 15-16 (Tex. 2002). Although *Lenz* involved a modification proceeding, these factors apply equally to appeals challenging a trial court's geographic-restriction determination in an original divorce decree. *See Morgan v. Morgan*, 254 S.W.3d 485, 488 (Tex. App.—Beaumont 2008, no pet.).

Further, trial courts must consider the public policies identified in Family Code Section 153.001(a), which include assuring frequent and continuing contact with parents who have demonstrated the ability to act in the child's best interest, determining who can provide a safe, stable, and nonviolent environment for the child, and encouraging parents to share in the rights and duties of raising their child. TEX. FAM. CODE ANN. § 153.001(a); *Lenz*, 79 S.W.3d at 14; *In re Marriage of Featherston*, 675 S.W.3d 330, 337 (Tex. App.—Amarillo 2023, no pet.).

In this case, the factors identified in *Lenz* weigh in favor of permitting Appellee to relocate with the parties' child to Florida. Both parties have extended family residing in Florida, with their respective families located

within approximately one hour of one another. Appellee's mother, grandfather, grandmother, brothers, and cousins all reside in Florida, and the evidence established that Appellee has a close-knit family. Appellant's family likewise resides in Florida, including his mother, sister, and nephew. Notably, neither party is originally from Texas; Appellee followed Appellant to Texas in 2021 after he completed his medical residency in San Antonio and began working in College Station. Both parties acknowledged that they lack any support system in Texas, whereas each has significant family support in Florida. Appellee's family testified that they would provide whatever assistance Appellee needed for herself and the child if they resided in Florida, including financial support and housing.

Appellee received a job offer in Florida that would permit her to work in the field in which she obtained her degree, earn more than she had in any previous position, and enjoy hours more conducive to raising her son. This improved financial situation would result in benefits to the parties' child.

The evidence at trial established that Appellant travels to Florida at least once per month, and sometimes twice per month. This travel pattern demonstrates that Appellant could continue to maintain a meaningful relationship with his son following Appellee's relocation. Further, the decree provides that, until the child reaches three years of age, Appellant has the

superior right of possession when Appellant is in Orlando. Moreover, Appellant possesses the ability to relocate to Florida to be near his child. Finally, the evidence at trial revealed that although Appellant was, pursuant to temporary orders, entitled to possession of the child every Monday, Wednesday, and Friday between 4:00 p.m. and 7:30 p.m., he failed to exercise all his periods of possession, despite there being such limited opportunities.

In sum, the record contains ample evidence supporting the trial court's determination that relocation to Florida serves the best interest of the child. The parties' extensive family support system in Florida, Appellee's improved employment and financial prospects, Appellant's demonstrated ability and willingness to travel to Florida regularly, and his capacity to relocate there himself all weigh in favor of permitting the move. Accordingly, the trial court did not abuse its discretion in allowing Appellee to relocate with the parties' child to Florida. *See Lenz*, 79 S.W.3d at 14-16. We overrule Appellant's second issue.

## CHILD SUPPORT CREDIT FOR TRAVEL EXPENSES

In his third issue, Appellant contends that the trial court erred by failing to award him a child support credit for travel expenses after permitting Appellee to relocate with the child to Florida. Appellant argues that the trial

court's orders placed the travel responsibilities, including all travel expenses, solely upon him while also requiring him to pay maximum guideline support.

A trial court has discretion to set child support within the parameters provided by the Texas Family Code. TEX. FAM. CODE ANN. §§ 154.121-.123; *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993). Section 154.123(a) provides that the court may order child support payments in an amount other than that established by the guidelines if the evidence rebuts the presumption that application of the guidelines serves the child's best interest and justifies a variance therefrom. TEX. FAM. CODE ANN. § 154.123(a).

Among the factors a trial court may consider in determining whether application of the guidelines would be unjust or inappropriate is the cost of travel necessary to exercise possession of and access to a child. *Id.* § 154.123(b)(14). When considering how to allocate travel expenses, the trial court should consider the parties' financial situations to ensure that the travel expenses are not so great that they would prevent the proper support of the child by either party. *In re N.T.P.*, 402 S.W.3d 13, 22 (Tex. App.—San Antonio 2012, no pet.). Texas courts have recognized that significant travel expenses incurred by a noncustodial parent may warrant a downward departure from guideline child support. *See In re J.M.C.*, No. 02-09-00292-CV, 2010 WL 2889671, at *7 (Tex. App.—Fort Worth July 22, 2010, no pet.) (mem. op.)

(holding trial court did not abuse its discretion in reducing child support below guidelines where father incurred expenses to visit child in Romania); *In re S.C.S.*, 201 S.W.3d 882, 888–89 (Tex. App.—Eastland 2006, no pet.) (holding trial court did not err in reducing child support in modification proceeding where mother's relocation increased father's travel costs).

Here, the trial court permitted Appellee to relocate the child from Texas to Florida while ordering Appellant to pay child support conforming to the statutory guidelines. The court further ordered that all of Appellant's visits with the child occur in Orlando, Florida until the child reaches three years of age. While in Florida, Appellant has full access to his son. Because his family lives there, Appellant has regularly traveled to Florida once or twice a month since moving to College Station.

Although the trial court's order places the entire burden of travel upon Appellant, his income is far greater than Appellee's. Furthermore, Appellant presented no evidence of travel expenses he will incur in exercising his visitation rights. *See In re A.M.*, No. 04-16-00335-CV, 2017 WL 1337648, at *3 (Tex. App.—San Antonio April 12, 2017, no pet.) (mem. op.) (holding that without evidence of expected travel expenses, record contained no evidence that the cost of travel would be so great that it would prevent appellant from properly supporting child). Appellant has not shown that the trial court's

failure to provide a travel credit would interfere with his ability to support the child or that it was otherwise not in the child's best interest. Thus, Appellant has not rebutted the presumption that application of the child support guidelines is in the best interest of the child and has not presented evidence justifying a variance from the guidelines. *See* TEX. FAM. CODE ANN. § 154.123(a). Under these circumstances, the trial court did not abuse its discretion by not awarding Appellant a child support credit for travel expenses. Accordingly, we overrule Appellant's third issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: April 16, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
CV06

