**Robert Allen ARNOLD, Appellant,**

v.

**Connie Arnold PITTS, Appellee.**

**No. 09–88–227–CV.**

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

Jolene Wilson–Glah, Shelia Stewart, Houston, for appellant.

W. McNab Miller, III, Houston, for appellee.

## OPINION

DIES, Chief Justice.

Appellant and appellee are the divorced parents of two minor children. On April 29, 1983, the 310th Judicial District Court of Harris County entered an order naming appellant as managing conservator of the children. The court also ordered appellee to pay child support in the amount of $200 per month. After obtaining an order transferring the cause to Montgomery County, appellant filed a motion seeking to have appellee held in contempt for failure to make some of the child support payments as ordered by the 310th District Court. Appellant's motion also sought to have the trial court determine the amount of arrearages owed by appellee. After a hearing, the trial court entered an order making the following findings that:

1. From October 15, 1984 through March 15, 1988, appellee should have paid $8,300.00 in child support;

2. Appellee is entitled to a credit for obligations paid or incurred on behalf of the younger of the two minor children for $3,253.75 for legal representation in juvenile proceedings and for $2,430.00 in hospitalization costs for a total credit of $5,683.75;

3. Appellee's arrearages as of March 15, 1988 would be $916.25; and,

4. Appellee "did not have the ability to pay" but that the $916.25 arrearage is to

be "tacked onto" the other arrearages currently being paid by appellee at the rate of $50.00 per month.

The trial court also ordered that $250.00 per month be withheld from appellee's wages until the arrearage is paid. The trial court also ordered that "under the circumstances, no attorney's fees will be ordered paid by [appellee]." Appellant brings this appeal from the judgment of the trial court.

By his first point of error appellant urges that the trial court erred in granting appellee offsets for legal representation and medical care for the younger of the two children because appellee did not plead that she had any entitlement to such offsets. Appellee's original answer and counterclaim included the following plea:

"... [Appellant] did constructively voluntarily relinquish to [appellee] the actual care, control, and possession of [the younger of the minor children] for a time period in excess of the court ordered periods of possession of and access to the child, thus [appellee], having provided actual support for that child during such time periods is entitled to reimbursement for that support as a counterclaim or offset against the claim of [appellant] as set forth in TEX.FAMILY CODE sec. 14.41(c)."

This pleading was sufficient to inform appellant that appellee was asserting an entitlement to the statutory right to reimbursements for support supplied in such circumstances. *See TEX.FAM.CODE ANN. sec. 14.41(c)* (Vernon 1986). If appellant desired a more specific pleading as to what type of support she allegedly provided, he should have filed special exceptions on such grounds. *See TEX.R.CIV.P. 90.* Appellant's first point of error is overruled.

Appellant's second point of error urges that the granting of these offsets was error because such payments, if made, constituted a discharge of appellee's "common law duty of support" for her minor children. The duty of a parent to support his or her minor children is now governed and defined by statute. *TEX.FAM.CODE. ANN. sec 12.04(3)* (Vernon 1986). Appel-

lant relies upon several cases which were decided prior to the enactment of Family Code sec. 14.41(c) for the proposition that a possessory conservator is not entitled to an offset against court ordered child support arrearages for support he actually provided to the child. In 1985 the Legislature enacted Texas Family Code sec. 14.41(c) which authorizes reimbursement for such support actually provided to the child by the possessory conservator under certain circumstances. The statute provides that such reimbursements may be granted where the managing conservator voluntarily relinquishes the actual care, control, and possession of the child to the possessory conservator for a time period in excess of the court ordered periods of possession of and access to the child. *See TEX.FAM.CODE ANN. sec. 14.41(c)* (Vernon 1986). Therefore, the cases decided prior to the enactment of Section 14.41(c) no longer govern this issue. We hold that the trial court did not err in allowing some reimbursements by way of offset for support actually provided by appellee during periods in which she had possession of the child due to appellant's voluntary relinquishment of possession of the child.

By his third point of error appellant argues that the trial court erred in allowing offsets for obligations incurred by appellee but which she had not actually paid. No statement of facts has been filed, but it is obvious from the language of the trial court's final order, and from the briefs of the parties that part of the offsets awarded to appellee was for obligations incurred to support one of the children, but which appellee had not paid. Section 14.41(c) allows appellee (as possessory conservator) to "seek reimbursement for that support as a counterclaim or offset...." We think that the language of the statute clearly indicates that the legislature intended to allow such offsets only for those amounts actually paid by the party seeking the offset. Otherwise, the word "reimbursement" would have no meaning whatever. Therefore, we hold that the trial court erred in awarding offsets to appellee for amounts she was obligated to pay, but had not in fact paid. Appellant's third point of error is sustained.

Appellant's fourth point of error complains of the failure of the trial court's enforcement order to set forth the time, date, and place of each and every occasion on which appellee failed to comply with the prior child support order as required by *TEX.FAM.CODE ANN. sec. 14.33(a)* (Vernon Supp.1989). Appellant's fifth point of error complains that the trial court found that appellee failed to make child support payments that were past due and owing when the instant enforcement proceeding was filed, but failed to state specific reasons supporting the finding that appellee should not be required to pay appellant's reasonable attorney's fees, as required by *TEX.FAM.CODE ANN. sec. 14.33(c)* (Vernon Supp.1989). Appellee's only argument is that appellant may not now attack such deficiencies in the trial court's order, because appellant's counsel drafted the order. The record does not show who drafted the trial court's order. We would presume that the trial court would not sign an order drafted by counsel if it did not properly reflect his decision. Regardless of who drafted it, it is the trial court's order and it fails to comply with the mandatory provisions of Section 14.33(a) and (c) of the Texas Family Code. Therefore, we sustain appellant's fourth and fifth points of error. The cause is remanded to the trial court for a new trial.

REVERSED AND REMANDED.