**Joel Howard LEWIS, Appellant,**

v.

**Mary Antin LEWIS, Appellee.**

**No. C14–92–00954–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 13, 1993.

Howard A. Lang, Jr., Houston, for appellant.

Beverly Lord, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

This is an appeal of a judgment against Joel Lewis for unpaid child support. Joel complains that the trial court did not allow him offset or counterclaim for the actual, direct support he provided. We reverse.

On July 11, 1986, Joel and Mary Lewis were divorced. They had two sons, David and Robert. Mary was appointed managing conservator and Joel possessory conservator. Joel was ordered to pay child support of $600 per month for each boy.

On November 1, 1988, son David came to live with Joel, and Joel began providing all of David's support. Joel continued to pay Mary $600 per month for each boy through August, 1989. At that time Joel stopped paying child support for David but continued to pay $600 per month for Robert through January, 1991. However, beginning in February, 1991, Joel reduced Robert's child support payment to $300 per month. Joel claims that he did this to begin repaying himself the $6,000 of David's child support he had paid to Mary during the first ten months that David lived with him.

On September 19, 1991, Joel moved to modify the divorce decree to appoint him managing conservator of David and eliminate David's child support payment. On September 30, 1991, the court granted Joel's motion. The modified child support order continued to require payment of $600 per month for son Robert.

On March 20, 1992, Mary moved for enforcement on child support arrearages claiming that Joel was in contempt for (1) failing to pay any child support for David from September, 1989 through September, 1991 and (2) failing to pay the full $600 per month for Robert from February, 1991 through September, 1991.

On April 13, 1992, after a hearing, the court found Joel in contempt for the underpayment of Robert's child support and or-

dered Joel to pay Robert's $2,400 arrearage within three days.

The court did not find Joel in contempt for failing to pay David's child support but, nevertheless, awarded Mary $15,000, the full amount of arrearage. In determining the amount of this award, the court did not consider any offset or counterclaim for the actual, direct support Joel provided David. The court prescribed a payment schedule, ordered wage withholding, and awarded attorneys' fees to Mary.

Joel does not contest the finding of contempt or order to pay Robert's back child support. However he does seek offset and counterclaim against Mary's claim of arrearage in David's child support.

In points of error one and two Joel complains that the trial court erred in denying him credits for the actual support he provided David for the thirty-five months that David was living full-time with him. We interpret point one to relate to the last twenty-five months that David was living with Joel and point two to relate to the first ten months. Joel's points of error are expressed in legal and factual insufficiency terms. However it is clear from his briefed argument and references to the record that his complaint centers on the failure of the court to admit relevant offset and counterclaim evidence. *See Davis v. Grammer*, 750 S.W.2d 766, 767 (Tex.1988) (brief sufficient if it directs the attention of the appellate court to the error about which complaint is made).

Joel refers us to the following dialogue:

[JOEL'S COUNSEL] Let me hand you what's been marked R-2. Is that a breakdown of the expenses that you've had for your child, David, since November of 1988 when he come to live with you?

[JOEL] Yes, sir.

[JOEL'S COUNSEL] Your Honor, we would offer into evidence Respondent's Exhibit No. 2.

[MARY'S COUNSEL] Your Honor, we have not seen any documentation to back these figures up unless they're being offered as a shorthand rendition as to what he would testify to.

[JOEL'S COUNSEL] They're being offered as a shorthand rendition, and we also have the documents to support them here, Your Honor.

[THE COURT] For what purpose is this being offered, counsel? The law is very clear so far as contempt is concerned. *So far as the judgment is concerned, it's immaterial and irrelevant.* I'm not going to listen to a bunch of testimony on it unless the appellate courts have changed their rulings.

[JOEL'S COUNSEL] Your Honor, we would offer it as a shorthand rendition of the actual expenses that were paid by Mr. Lewis. I think that under the cases—

[THE COURT] Let's move along.

[JOEL'S COUNSEL] Does Respondent's Exhibit No. 2, correctly and accurately reflect the payments that you have made for David during this period of time?

[THE COURT] Counsel, she testified thirty minutes ago that he's supporting that boy other than a little money she gave him. Let's move along. You know, that's not even in dispute.... I'll listen to him on some of those $300 items there, why he arbitrarily set that amount. If you want to offer something on that counsel? So far as I'm concerned, on the contempt matter that's the only thing contemptible. If you want to offer some defense, let's talk about that, the payments for Robert.

 As a threshold matter, Mary argues that Joel did not preserve error because he did not make an offer of proof. However an offer of proof is not required when the trial court forecloses the admission of evidence in a manner that indicates that an offer of proof would be futile. *See Echols v. Wells*, 510 S.W.2d 916, 919 (Tex. 1974). Here, the trial court refused to see evidence or consider testimony on the dollar amounts of Joel's expenditures for David's support. The court's mind would not have been changed by an offer of proof of specific dollar amounts. And we do not need to see them to decide whether that category of evidence was relevant on the

issue of offset or counterclaim. *See Frazier v. Frontier State Bank*, 837 S.W.2d 392, 394 (Tex.App.—San Antonio 1992, no writ) ("Since hearing the substance of the testimony would not affect the trial judge's decision, it was not necessary for the contents of the testimony to be reoffered to the trial court.").

■ On the merits Joel argues that the court improperly refused to admit and consider relevant evidence on his actual expenditures in support of David. He asserts that Mary voluntarily relinquished to Joel care, control, and possession of David. He contends, therefore, that § 14.41(c) of the Family Code entitles him to offset and counterclaim against Mary's claim for arrearages. *See* TEX.FAM.CODE ANN. § 14.41(c) (Vernon 1986). Joel complains that the trial court was incorrect on the law when it declared Joel's expenditure evidence "immaterial and irrelevant." We agree.

The trial court considered Mary's admission that Joel provided nearly 100% support of David in holding that Joel was not in contempt with regard to David's unpaid child support. The trial court acknowledged Joel's affirmative defense to the contempt charge as authorized by § 14.40(c) of the Family Code.

### § 14.40. Enforcement by Contempt of Child Support Orders

(c) Possession of Child by Obligor. If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time in excess of the court-ordered periods of possession of and access to the child, *the obligor may affirmatively plead and prove the fact that actual support was supplied to the child as a defense in whole or in part to a motion for contempt* for failure to make periodic payments according to the terms of a court order.

*Id.* § 14.40(c) (Vernon 1986) (emphasis added).

However, inexplicably, the trial court refused to admit any evidence on the actual dollar amounts of support Joel provided David.

The Family Code provides a statutory right to offset or counterclaim:

### § 14.41. Judgment for Past–Due Child Support Payments

(a) Judgment for Arrearages. A periodic child support payment not timely made shall constitute a final judgment for the amount due and owing.... On the motion of an obligee or obligor ... the court shall confirm the amount of child support in arrears and shall render judgment against an obligor for any amount of child support unpaid and owing.... *The judgment rendered by the court may be subject to a counterclaim or offset as provided by Subsection (c) of this section.*

\* \* \* \* \* \*

(c) Possession of Child by Obligor. If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time in excess of the court-ordered periods of possession of and access to the child, the child support order continues unabated until further order of the court.... However, *an obligor who had provided actual support to the child during such time period may seek reimbursement for that support as a counterclaim or offset against the claim of the managing conservator.* An action against the managing conservator for support supplied to a child shall be limited to the amount of periodic payments previously ordered by the court. (d) Retroactive Modification. The court may not reduce or modify the amount of child support arrearages in rendering judgment under this section.

*Id.* § 14.41(a)(c) & (d) (Vernon 1986 and Supp.1993) (emphasis added).

■ Mary cites us to no case law, and we have found none, supporting the trial court's position that Joel's expenditure evidence was immaterial and irrelevant. In fact the case law confirms the opposite view. In *Williams v. Patton*, 821 S.W.2d 141 (Tex.1991), the Court stated:

[T]he trial court is required to confirm the amount of arrearages before rendering judgment and, in doing so, *must consider offsets* as provided in section 14.41(c), although it cannot reduce or modify the amount of arrearages.

*Id.* at 143 (emphasis added).

In other words, the trial court "acts as a mere scrivener" in "mechanically" tallying up the amount of arrearage. *Id.* at 153 (Phillips, C.J., dissenting). Arrearages cannot be forgiven *per se.* *See id.* at 143; Tex.Fam.Code Ann. § 14.41(d) (Vernon 1986). But the final judgment is to be rendered only after offset and counterclaim are considered. *See Rinehold v. Rinehold,* 790 S.W.2d 404, 406 (Tex.App.—Houston [14th Dist.] 1990, no writ) and *Arnold v. Pitts,* 777 S.W.2d 773, 775 (Tex.App.—Beaumont 1989, no writ).

An issue arises whether Joel can apply the actual, direct support he provided David during the entire thirty-five month period against Mary's claim for child support arrearages for the last twenty-five months. We hold that § 14.41(c) only allows Joel to assert offset or counterclaim for actual, direct support expenses paid during the periods constituting Mary's claims for arrearage.

"If the managing conservator has voluntarily relinquished to the obligor the actual care, control, and possession of a child for a time in excess of the court-ordered periods of possession of and access to the child, *the child support order continues unabated* until further order of the court...." Tex.Fam.Code Ann. § 14.41(c) (Vernon 1986) (emphasis added). Mary's voluntary relinquishment of David to Joel had no effect on the child support order, which continued unabated.

"A periodic child support payment not timely made shall constitute a *final judgment* for the amount due and owing...." *Id.* § 14.41(a) (emphasis added). Therefore, each child support payment missed by Joel constituted a separate claim by Mary and, by operation of law, a final judgment against Joel, subject only to confirmation by the court. Since Joel missed twenty-five payments, then Mary possessed twenty-five separate claims and judgments against him.

"However, an obligor who had provided actual support to the child during such time period may seek reimbursement for that support as a *counterclaim or offset against the claim of the managing conservator.*" *Id.* § 14.41(c) (emphasis added). When Mary asserted her claims for arrearage, she actually was presenting Joel with twenty-five separate claims covering specific monthly periods. If Joel could show that, for any or all of those periods, Mary had voluntarily relinquished care, control, and possession of David to him, then Joel would be entitled to offset or counterclaim for actual, direct support expenses corresponding to those periods of claimed arrearage.

"An action against the managing conservator for support supplied to a child shall be *limited to the amount of periodic payments previously ordered* by the court." *Id.* (emphasis added). Each claim of Mary, corresponding to a missed child support payment, is subject to offset or counterclaim for expenses paid during that period. However, the amount of counterclaim or offset may not exceed the amount of claimed arrearage.

In sum, Joel made child support payments to Mary during the first ten months that David was living with him. Therefore, Joel's expenses incurred during those months have no corresponding claims of arrearage to offset against. Joel's expenses during those months are irrelevant regarding Mary's claims for arrearage covering the later months, and the trial court did not err in refusing to admit those expenses. We also note that a parent may always voluntarily provide more support for a child than is required by court order. But a parent has a common law duty to support his children. *See In Re McLemore,* 515 S.W.2d 356, 358 (Tex.Civ.App.—Dallas 1974, no writ). And, unless authorized by statute, "[V]oluntary payments made in fulfillment ... of the common law obligation are not necessarily to be offset against the statutory obligation enforced by a court order." *Id.*

We find that Joel was entitled to submit offset or counterclaim evidence for months corresponding to Mary's claims for arrearage i.e., from September 1989 through September 1991. The trial court erred in refusing to admit that evidence, and we sustain point of error one. We also find that Joel's expenses during the first ten months that David was living with him were not admissible. The trial court did not err in excluding that evidence, and we overrule point two. Finally, we find that the trial court's error under point one was harmful. Without the expenditure evidence the trial court was unable to consider and apply Joel's offset and counterclaim to Mary's claims for arrearage. TEX.R.APP.P. 81(b)(1).

In point three Joel complains that the trial court erred in failing to award him attorneys' fees. The matter of attorneys' fees will be revisited on remand. Therefore we need not address point three.

Having sustained point one and finding harmful error, we reverse the judgment below and remand the cause.