# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NO. 2-08-420-CV

BRIAN MITCHELL CONN                                        APPELLANT

V.

DIANE MARIE RHODES                                          APPELLEE

-----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

Brian Mitchell Conn appeals an order in a suit to modify the parent-child relationship. In five issues, he argues that the trial court erred by (1) excluding his sixteen-year-old daughter's testimony, (2) hearing evidence about child support and medical-expense reimbursement, (3) making Conn's visitation subject to "mutual agreement" with the minor's mother, (4) permitting the

---

[1] See Tex. R. App. P. 47.4.

minor's amicus attorney to testify, and (5) ordering above-guideline child support. We affirm.

## Background

In proceedings initiated in 1998, some eleven years ago, Conn and Appellee Diane Rhodes were divorced. Conn and Rhodes have a daughter, K.C., who was born in 1991. The trial court did not render its final decree of divorce until September 2002, when it designated Rhodes as K.C.'s sole managing conservator and Conn as a possessory conservator.

Before the final decree had been signed, Conn filed a petition to modify the parent-child relationship in January 2002, seeking to modify the conservatorship, possession, access, and support terms of the as-yet unfinalized decree. Specifically, Conn sought to be designated K.C.'s joint managing conservator with the exclusive right to designate K.C.'s primary residence. Rhodes responded by filing a counterpetition seeking an increase in child support, medical reimbursement, and a modification of possession. She later filed another petition, seeking changes to the possession and counseling terms in the decree and temporary orders.

The modification proceedings remained pending when Conn eventually filed a petition in the same cause in 2006 to voluntarily terminate his parent-child relationship with K.C. The trial court appointed attorney Laurie Robinson to serve as K.C.'s amicus attorney.

2

The parties ultimately tried all issues in the case to the bench in February 2008; Conn represented himself at trial. The trial court made findings of fact and conclusions of law, denied Conn's petition to terminate his parent-child relationship with K.C., and made other orders that we will address later in this opinion. Conn filed this appeal.

**Exclusion of K.C.'s Testimony**

In his first issue, Conn argues that the trial court erred by excluding K.C.'s testimony at trial. When Conn called K.C. to testify, her amicus attorney, Robinson, objected that K.C.'s testimony was not relevant to the issue of voluntary termination. Conn replied that K.C. "needs to be able to see what's been transpiring. She needs to be able to know how I fought for her." Conn told the trial court that he did not intend to ask K.C. whether she thought his rights should be terminated. The trial court sustained Robinson's objection. Conn did not make an offer of proof regarding K.C.'s testimony.

To preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 433 (Tex. 1984). "Without a bill of exceptions showing what the excluded testimony would have been, we cannot determine whether the testimony was inadmissible

3

on some other ground or whether its exclusion was otherwise harmless error."

*Duncan*, 665 S.W.2d at 433.

Conn argues that he is excused from making an offer of proof because it "would have been a futile act, which the law does not require. . . . Plainly, the [t]rial] [c]ourt was not excluding the witness as based on the *substance* of her expected testimony [but] as to the witness herself, due to her tender years." Conn relies on *Frazier v. Frontier State Bank*, 837 S.W.2d 392, 394 (Tex. App.—San Antonio 1992, no writ) and *Lewis v. Lewis,* 853 S.W.2d 850, 852–53 (Tex. App.—Houston [14th Dist.] 1993, no writ) for the proposition that a party need not make an offer of proof when the trial court forecloses the admission of evidence in a manner that indicates that an offer of proof would be futile. In *Frazier*, the San Antonio court of appeals held that no formal bill of exceptions was required to preserve an exclusion-of-testimony complaint when the trial court excluded the evidence because the testimony's proponent did not list the witness as a person with knowledge of relevant facts. 837 S.W.2d at 394. "Since hearing the substance of the testimony would not affect the trial judge's decision, it was not necessary for the contents of the testimony to be reoffered to the trial court." *Id.* In *Lewis*, the Houston Fourteenth court held that an offer of proof was not necessary to preserve a complaint about the trial court's excluding testimony and documentary evidence regarding a parent's expenditures for a child's support as irrelevant, because

4

"[t]he court's mind would not have been changed by an offer of proof of specific dollar amounts. And we do not need to see them to decide whether that category of evidence was relevant on the issue of offset or counterclaim." 853 S.W.2d at 852–53.

This case is distinguishable from *Frazier* and *Lewis*. Unlike *Frazier*, the trial court did not exclude K.C.'s testimony on a technical, procedural basis; instead, it excluded the evidence based on Robinson's relevance objection. And while the objection in *Lewis*, like the objection here, was relevance, the substance of the excluded evidence in *Lewis*—support payments made by a parent—was readily apparent. In this case, the substance of K.C.'s proposed testimony is uncertain—as Conn himself indicated at trial: "Some of the questions were what is she being made aware of? She doesn't --Maybe she does know all of it. Maybe she has an opinion. We don't know." It is precisely because "we don't know" that the rules of evidence and appellate procedure impose on parties like Conn the duty to make an offer of proof. Without an offer of proof "showing what the excluded testimony would have been, we cannot determine whether the testimony was inadmissible on some other ground or whether its exclusion was otherwise harmless error." *Duncan*, 665 S.W.2d at 433.

Conn further argues that if an offer of proof was required, he made one by stating to the trial court, "Again, I don't think it's best that she was called

5

down here, but if you're basing whether to terminate my parental rights on the fact just here [sic], it should be based upon what she thinks." This argument is unavailing. If a party does not make an offer of proof, he must describe the actual content of the testimony and not merely comment on the reasons for it. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Conn merely described the reason for K.C.'s testimony; he did not describe the content.

We hold that Conn failed to preserve his first issue for review because he failed to make an offer of proof regarding K.C.'s testimony, and we overrule his first issue.

**Child Support and Medical Reimbursement**

In his second issue, Conn argues that the trial court erred by admitting evidence concerning Rhodes's claims for child support and medical-expense reimbursement because her live pleadings did not request a child support modification or the reimbursement of medical expenses. The real thrust of Conn's argument is that the trial court erred by modifying child support and ordering medical-expense reimbursement in the absence of a pleading requesting such relief. Conn contends that Rhodes abandoned those claims, which she made in her October 18, 2002 first amended counterpetition to modify, by failing to assert them in her April 4, 2005 petition to modify.

6

As a general rule, an amended pleading takes the place of the original pleading, and the original pleading is superseded and is no longer a part of the live pleadings. Tex. R. Civ. P. 65; *Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g). Under this rule, a party may voluntarily dismiss claims by omitting them from the amended pleading. *In re S.C.S.*, 201 S.W.3d 882, 886 (Tex. App.—Eastland 2006, no pet.); *see Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972). But under rule of civil procedure 64, a party filing an amended instrument must point out the instrument being amended. Tex. R. Civ. P. 64. This is normally done in the caption of the pleading, e.g., "amended original petition." *Sheerin*, 923 S.W.2d at 55. Rule 64 also requires that a party abandon a pleading by an express act rather than by implication. *S.C.S.*, 201 S.W.3d at 886; *Sheerin*, 923 S.W.2d at 55.

Rhodes's April 4, 2005 petition to modify did not reference her October 18, 2002 first amended counterpetition to modify in its caption or body. Nothing in the April 2005 petition suggests that Rhodes intended to abandon or supercede the claims made in her October 2002 petition. We therefore hold that the April 2005 petition did not amend or supercede the October 2002 counterpetition. Because the October 2002 petition—in which Rhodes sought child support modification and the reimbursement of medical expenses—was "live" at the time of trial, we further hold that the trial court did not abuse its

7

discretion by admitting evidence on those claims. We overrule Conn's second issue.

### Visitation Subject to Mutual Agreement

In his third issue, Conn argues that the trial court erred by ordering that "the conservators shall have possession of the child at times *mutually agreed* to in advance by the parties" because the order gives Rhodes complete discretion over Conn's visitation rights. [Emphasis added.]

The best interest of the child is always the primary consideration in determining issues of conservatorship and possession. Tex. Fam. Code Ann. § 153.002 (Vernon 2008). With regard to issues of custody, control, possession, child support, and visitation, we give the trial court wide latitude and will reverse the trial court's order only if it appears from the record as a whole that the trial court abused its discretion. *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App—Austin 2005, pet. denied); *see Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (applying abuse of discretion standard to possession order).

A trial court may not give one parent the unbridled discretion, unenforceable by contempt, to decide whether the other parent may have access to, or possession of, their children. *In re A.L.E.,* 279 S.W.3d 424, 432 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see Roosth v. Roosth*, 889 S.W.2d 445, 452 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see*

8

*also In re A.P.S.*, 54 S.W.3d 493, 498–99 (Tex. App.—Texarkana 2001, no pet.). Thus, when a court places restrictions or conditions on a conservator's possession rights, the court must specifically define those terms in its decree. *A.P.S.*, 54 S.W.3d at 499; *Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518, at *3 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.). The judgment must state, in clear and unambiguous language, what is required for the conservator to comply, and the terms must be specific enough to permit the conservator to enforce the judgment by contempt. *See Roosth*, 889 S.W.2d at 452. A trial court may not deny a parent possession unless it finds that such possession or access would endanger the physical or emotional welfare of the child. Tex. Fam. Code Ann. § 153.191 (Vernon 2008). If a trial court enters an order that varies from the standard possession order, it must, upon timely written request, state the specific reasons for the variance from the standard order. *Id.* § 153.258 (Vernon 2008).

In this case, the trial court stated in findings of fact and conclusions of law its reasons for varying from the standard visitation order:

> a. The Court found [sic] that for over one year, [Conn] had failed to exercise any visitation as provided to him pursuant to prior orders of this Court.
>
> b. The Court found that [Conn] testified in open court that he did not intend to exercise any visitation rights with the child nor [did] he intend to exercise any visitation rights with the child while she is in her minority.

9

c.    The Court found that it is in the best interest of the child to order that any possession that [Conn] should have with the child should be by mutual agreement with [Rhodes].

d.    The Court further found that it is in the best interest of the child that [Conn] shall have no visitation with the child until such time as he and the child have undergone family counseling with a counselor appointed by the Court.

Conn does not challenge any of the trial court's findings.

The trial court's order does not subject Conn's visitation to Rhodes's complete discretion, nor does it deprive Conn of possession altogether. If Rhodes obstructs possession or is unreasonable with respect to arranging times for Conn's visitation with the child, Conn can appear before the trial court to request specific, workable terms for visitation.

Perhaps most importantly, Conn testified that he did not intend to exercise his visitation rights anyway. For this court to reverse the trial court's order and remand with instructions to enter an order with a specific, enforceable-by-contempt visitation schedule when Conn has sworn that he does not intend to exercise visitation would be a meaningless exercise in futility. We therefore hold that the trial court did not abuse its discretion by making Conn's visitation schedule subject to the parties' mutual agreement. We overrule Conn's third issue.

**Admission of Amicus Attorney's Testimony**

In his fourth issue, Conn argues that the trial court erred by allowing K.C.'s amicus attorney to submit a report into evidence and testify about disputed matters in violation of family code section 107.007(a). *See* Tex. Fam. Code Ann. § 107.007(a) (Vernon 2008). He also complains that significant parts of the amicus attorney's testimony comprised hearsay. But Conn did not object at trial to the admission of the amicus attorney's report or testimony; therefore, he waived his complaint on appeal, and we overrule his fourth issue. *See* Tex. R. App. P. 33.1(a); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

**Above-guideline Child Support**

In his fifth issue, Conn argues—in three sentences—that the trial court erred by ordering above-guideline support based on (1) the finding that Rhodes would have possession of K.C. for 100% of the time and (2) the erroneous assumption that under a standard possession order, a possessory conservator ordinarily has possession of the child for 40% of the time, rather than 28% of the time. Conn cites no authority for his argument. Further, even if the trial court erred by assuming that Conn would have possession of K.C. for 40% of the time under a standard visitation order, that error has no effect on the support order because the trial court based support on the finding that Rhodes

11

would have possession of K.C. 100% of the time.  We therefore overrule Conn's fifth issue.

## Conclusion

Having overruled all of Conn's issues, we affirm the trial court's order.


ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  August 20, 2009