COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-420-CV

 

 

BRIAN MITCHELL CONN                                                       APPELLANT

 

                                                   V.

 

DIANE MARIE RHODES                                                           APPELLEE

 

                                              ------------

 

           FROM THE 324TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Brian Mitchell Conn appeals an order in a suit to
modify the parent-child relationship.  In
five issues, he argues that the trial court erred by (1) excluding his
sixteen-year-old daughter=s testimony, (2) hearing evidence
about child support and medical-expense reimbursement, (3) making Conn=s
visitation subject to Amutual agreement@ with
the minor=s mother, (4) permitting the
minor=s amicus
attorney to testify, and (5) ordering above-guideline child support.  We affirm.

                                            Background

In proceedings initiated in 1998, some eleven
years ago, Conn and Appellee Diane Rhodes were divorced.  Conn and Rhodes have a daughter, K.C., who
was born in 1991.  The trial court did
not render its final decree of divorce until September 2002, when it designated
Rhodes as K.C.=s sole managing conservator and
Conn as a possessory conservator.   

Before the final decree had been signed, Conn
filed a petition to modify the parent-child relationship in January 2002,
seeking to modify the conservatorship, possession, access, and support terms of
the as-yet unfinalized decree. 
Specifically, Conn sought to be designated K.C.=s joint
managing conservator with the exclusive right to designate K.C.=s primary
residence.  Rhodes responded by filing a
counterpetition seeking an increase in child support, medical reimbursement,
and a modification of possession.  She
later filed another petition, seeking changes to the possession and counseling
terms in the decree and temporary orders. 

The modification proceedings remained pending
when Conn eventually filed a petition in the same cause in 2006 to voluntarily
terminate his parent-child relationship with K.C.  The trial court appointed attorney Laurie
Robinson to serve as K.C.=s amicus attorney.   








The parties ultimately tried all issues in the
case to the bench in February 2008; Conn represented himself at trial.  The trial court made findings of fact and
conclusions of law, denied Conn=s
petition to terminate his parent-child relationship with K.C., and made other
orders that we will address later in this opinion.  Conn filed this appeal.

                                Exclusion
of K.C.=s Testimony

In his first issue, Conn argues that the trial
court erred by excluding K.C.=s
testimony at trial.  When Conn called
K.C. to testify, her amicus attorney, Robinson, objected that K.C.=s
testimony was not relevant to the issue of voluntary termination.  Conn replied that K.C. Aneeds to
be able to see what=s been transpiring.  She needs to be able to know how I fought for
her.@ Conn
told the trial court that he did not intend to ask K.C. whether she thought his
rights should be terminated.  The trial
court sustained Robinson=s objection. Conn did not make
an offer of proof regarding K.C.=s
testimony.

To preserve error in a trial court=s
exclusion of evidence, the substance








of the excluded evidence must be shown by an offer of proof unless it
is apparent from the context of the questions asked. Tex. R. Evid. 103(a)(2);
Tex. R. App. P. 33.2; Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 433
(Tex. 1984).  AWithout
a bill of exceptions showing what the excluded testimony would have been, we
cannot determine whether the testimony was inadmissible on some other ground or
whether its exclusion was otherwise harmless error.@  Duncan, 665 S.W.2d at 433.  








Conn argues that he is excused from making an
offer of proof because  it Awould
have been a futile act, which the law does not require. . . .
Plainly, the [t]rial] [c]ourt was not excluding the witness as based on the substance
of her expected testimony [but] as to the witness herself, due to her tender
years.@  Conn relies on Frazier v. Frontier State
Bank, 837 S.W.2d 392, 394 (Tex. App.CSan
Antonio 1992, no writ) and Lewis v. Lewis, 853 S.W.2d 850, 852B53 (Tex.
App.CHouston
[14th Dist.] 1993, no writ) for the proposition that a party need not make an
offer of proof when the trial court forecloses the admission of evidence in a
manner that indicates that an offer of proof would be futile.  In Frazier, the San Antonio court of
appeals held that no formal bill of exceptions was required to preserve an
exclusion-of-testimony complaint when the trial court excluded the evidence
because the testimony=s proponent did not list the
witness as a person with knowledge of relevant facts.  837 S.W.2d at 394.  ASince
hearing the substance of the testimony would not affect the trial judge=s
decision, it was not necessary for the contents of the testimony to be
reoffered to the trial court.@  Id. 
In Lewis, the Houston Fourteenth court held that an offer of
proof was not necessary to preserve a complaint about the trial court=s
excluding testimony and documentary evidence regarding a parent=s
expenditures for a child=s support as irrelevant, because
A[t]he
court=s mind
would not have been changed by an offer of proof of specific dollar
amounts.  And we do not need to see them
to decide whether that category of evidence was relevant on the issue of offset
or counterclaim.@ 
853 S.W.2d at 852B53.

This case is distinguishable from Frazier
and Lewis.  Unlike Frazier,
the trial court did not exclude K.C.=s
testimony on a technical, procedural basis; instead, it excluded the evidence
based on Robinson=s relevance objection.  And while the objection in Lewis, like
the objection here, was relevance, the substance of the excluded evidence in LewisCsupport
payments made by a parentCwas readily apparent.  In this case, the substance of K.C.=s
proposed testimony is uncertainCas Conn
himself indicated at trial: ASome of
the questions were what is she being made aware of?  She doesn=t
--Maybe she does know all of it.  Maybe
she has an opinion.  We don=t know.@  It is precisely because Awe don=t know@ that
the rules of evidence and appellate procedure impose on parties like Conn the
duty to make an offer of proof.  Without
an offer of proof Ashowing what the excluded
testimony would have been, we cannot determine whether the testimony was
inadmissible on some other ground or whether its exclusion was otherwise
harmless error.@ 
Duncan, 665 S.W.2d at 433. 









Conn further argues that if an offer of proof was
required, he made one by stating to the trial court, AAgain, I
don=t think
it=s best
that she was called down here, but if you=re
basing whether to terminate my parental rights on the fact just here [sic], it
should be based upon what she thinks.@  This argument is unavailing.  If a party does not make an offer of proof,
he must describe the actual content of the testimony and not merely comment on
the reasons for it.  In re N.R.C.,
94 S.W.3d 799, 806 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  Conn
merely described the reason for K.C.=s
testimony; he did not describe the content.

We hold that Conn failed to preserve his first
issue for review because he failed to make an offer of proof regarding K.C.=s
testimony, and we overrule his first issue.

                        Child
Support and Medical Reimbursement

In his second issue, Conn argues that the trial
court erred by admitting evidence concerning Rhodes=s claims
for child support and medical-expense reimbursement because her live pleadings
did not request a child support modification or the reimbursement of medical
expenses.  The real thrust of Conn=s
argument is that the trial court erred by modifying child support and ordering
medical-expense reimbursement in the absence of a pleading requesting such
relief.  Conn contends that Rhodes
abandoned those claims, which she made in her October 18, 2002 first amended
counterpetition to modify, by failing to assert them in her April 4, 2005
petition to modify.








As a general rule, an amended pleading takes the
place of the original pleading, and the original pleading is superseded and is
no longer a part of the live pleadings. 
Tex. R. Civ. P. 65; Sheerin v. Exxon Corp., 923 S.W.2d 52,
55 (Tex. App.CHouston [1st Dist.] 1995, no
writ) (op. on reh=g).  Under this rule, a party may voluntarily
dismiss claims by omitting them from the amended pleading.  In re S.C.S., 201 S.W.3d 882, 886
(Tex. App.CEastland 2006, no pet.); see
Webb v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972).  But under rule of civil procedure 64, a party
filing an amended instrument must point out the instrument being amended.  Tex. R. Civ. P. 64.  This is normally done in the caption of the
pleading, e.g., Aamended original petition.@  Sheerin, 923 S.W.2d at 55.  Rule 64 also requires that a party abandon a
pleading by an express act rather than by implication.  S.C.S., 201 S.W.3d at 886; Sheerin,
923 S.W.2d at 55.  








Rhodes=s April
4, 2005 petition to modify did not reference her October 18, 2002 first amended
counterpetition to modify in its caption or body.  Nothing in the April 2005 petition suggests
that Rhodes intended to abandon or supercede the claims made in her October
2002 petition.  We therefore hold that
the April 2005 petition did not amend or supercede the October 2002
counterpetition.  Because the October
2002 petitionCin which Rhodes sought child
support modification and the reimbursement of medical expensesCwas Alive@ at the
time of trial, we further hold that the trial court did not abuse its
discretion by admitting evidence on those claims.  We overrule Conn=s second
issue. 

                          Visitation
Subject to Mutual Agreement

In his third issue, Conn argues that the trial
court erred by ordering that Athe
conservators shall have possession of the child at times mutually agreed to
in advance by the parties@ because the order gives Rhodes
complete discretion over Conn=s
visitation rights. [Emphasis added.]  

The best interest of the child is always the
primary consideration in determining issues of conservatorship and possession.
Tex. Fam. Code Ann. ' 153.002 (Vernon
2008).  With regard to issues of custody,
control, possession, child support, and visitation, we give the trial court
wide latitude and will reverse the trial court=s order
only if it appears from the record as a whole that the trial court abused its
discretion.  In re J.R.D., 169
S.W.3d 740, 743 (Tex. AppCAustin 2005, pet. denied); see
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982) (applying abuse of
discretion standard to possession order).








A trial court may not give one parent the
unbridled discretion, unenforceable by contempt, to decide whether the other
parent may have access to, or possession of, their children.  In re A.L.E., 279 S.W.3d 424, 432 (Tex.
App.CHouston
[14th Dist.] 2009, no pet.); see Roosth v. Roosth, 889 S.W.2d 445, 452
(Tex. App.CHouston [14th Dist.] 1994, writ
denied); see also In re A.P.S., 54 S.W.3d 493, 498B99 (Tex.
App.CTexarkana
2001, no pet.).  Thus, when a court
places restrictions or conditions on a conservator=s
possession rights, the court must specifically define those terms in its
decree.  A.P.S., 54 S.W.3d at 499;
Hale v. Hale, No. 04‑05‑00314‑CV, 2006 WL 166518, at
*3 (Tex. App.CSan Antonio Jan. 25, 2006, pet.
denied) (mem. op.).  The judgment must
state, in clear and unambiguous language, what is required for the conservator
to comply, and the terms must be specific enough to permit the conservator to
enforce the judgment by contempt.  See
Roosth, 889 S.W.2d at 452.  A trial
court may not deny a parent possession unless it finds that such possession or
access would endanger the physical or emotional welfare of the child.  Tex. Fam. Code Ann. ' 153.191
(Vernon 2008).  If a trial court enters
an order that varies from the standard possession order, it must, upon timely
written request, state the specific reasons for the variance from the standard
order.  Id. ' 153.258
(Vernon 2008).  

In this case, the trial court stated in findings
of fact and conclusions of law its reasons for varying from the standard
visitation order:

a.      The
Court found [sic] that for over one year, [Conn] had failed to exercise any
visitation as provided to him pursuant to prior orders of this Court.

 

b.     The
Court found that [Conn] testified in open court that he did not intend to
exercise any visitation rights with the child nor [did] he intend to exercise
any visitation rights with the child while she is in her minority.

 








c.      The
Court found that it is in the best interest of the child to order that any
possession that [Conn] should have with the child should be by mutual agreement
with [Rhodes].

 

d.     The Court further found that it is in the
best interest of the child that [Conn] shall have no visitation with the child
until such time as he and the child have undergone family counseling with a
counselor appointed by the Court. 

Conn does not challenge any of the trial court=s
findings.

The trial court=s order
does not subject Conn=s visitation to Rhodes=s
complete discretion, nor does it deprive Conn of possession altogether.  If Rhodes obstructs possession or is
unreasonable with respect to arranging times for Conn=s
visitation with the child, Conn can appear before the trial court to request
specific, workable terms for visitation.

Perhaps most importantly, Conn testified that he
did not intend to exercise his visitation rights anyway.  For this court to reverse the trial court=s order
and remand with instructions to enter an order with a specific,
enforceable-by-contempt visitation schedule when Conn has sworn that he does
not intend to exercise visitation would be a meaningless exercise in
futility.  We therefore hold that the
trial court did not abuse its discretion by making Conn=s visitation
schedule subject to the parties= mutual
agreement.  We overrule Conn=s third
issue.

 

 








                       Admission
of Amicus Attorney=s Testimony

In his fourth issue, Conn argues that the trial
court erred by allowing K.C.=s amicus
attorney to submit a report into evidence and testify about disputed matters in
violation of family code section 107.007(a). 
See Tex. Fam. Code Ann. ' 107.007(a)
(Vernon 2008).  He also complains that
significant parts of the amicus attorney=s
testimony comprised hearsay.  But Conn
did not object at trial to the admission of the amicus attorney=s report
or testimony; therefore, he waived his complaint on appeal, and we overrule his
fourth issue.  See Tex. R. App. P.
33.1(a); Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh=g).  

                                Above-guideline
Child Support








In his fifth issue, Conn arguesCin three
sentencesCthat the trial court erred by
ordering above-guideline support based on (1) the finding that Rhodes would
have possession of K.C. for 100% of the time and (2) the erroneous assumption
that under a standard possession order, a possessory conservator ordinarily has
possession of the child for 40% of the time, rather than 28% of the time.  Conn cites no authority for his
argument.  Further, even if the trial
court erred by assuming that Conn would have possession of K.C. for 40% of the
time under a standard visitation order, that error has no effect on the support
order because the trial court based support on the finding that Rhodes would
have possession of K.C. 100% of the time. 
We therefore overrule Conn=s fifth
issue.

                                             Conclusion

Having overruled all of Conn=s
issues, we affirm the trial court=s order.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DELIVERED:  August 20, 2009

 











[1]See Tex. R. App. P. 47.4.